IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANGELA S. WOLF | ) |
| | ) |
| v. | ) NO. 3-13-0858 |
| | ) JUDGE CAMPBELL |
| LINATEX CORP. OF AMERICA | ) |

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 14). For the reasons stated herein, Defendant's Motion is GRANTED, and this action is DISMISSED.

FACTS

Plaintiff Angela Wolf has sued her former employer, Defendant Linatex Corporation of America, for employment discrimination in violation of Title VII (42 U.S.C. § 2000e-5), based upon alleged gender discrimination and retaliation.

In her Complaint (Docket No. 1), Plaintiff claims that she had never been the subject of any disciplinary actions at work until after she brought her female partner to the company picnic. Plaintiff also alleges that her supervisor treated her differently from male employees, made demeaning comments about her, talked to co-workers about her, and gave her written warnings about alleged misconduct when he did not give such warnings to her male and female co-workers. Plaintiff avers that she complained to Defendant's human resources department about how she was treated by her supervisor and that Defendant fired her in retaliation for her complaints. She contends she was targeted for termination because of her gender, gender stereotyping and retaliation.

Defendant argues in its Motion for Summary Judgment that Plaintiff's claim is for discrimination based upon sexual orientation, not based upon gender, an allegation which Plaintiff denies. Defendant also maintains that Plaintiff cannot show she was treated differently from similarly-situated male employees and she cannot show that she engaged in protected activity, because she did not complain about gender discrimination or discrimination based upon sexual orientation.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.*

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary

judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## GENDER DISCRIMINATION

To establish a *prima facie* case of gender discrimination, Plaintiff must show that (1) she is a member of a protected group; (2) she was subjected to an adverse employment action; (3) she was qualified for the position; and (4) she was replaced by a person outside the protected class or similarly situated non-protected employees were treated more favorably. *Vincent v. Brewer Co.*, 514 F.3d 489, 494 (6th Cir. 2007).

If Plaintiff establishes a *prima facie* case, the burden shifts to Defendant to articulate a legitimate, nondiscriminatory reason for its actions. If it does so, the burden returns to Plaintiff to show that Defendant's reason was a pretext for discrimination. *Sybrandt v. Home Depot U.S.A., Inc.*, 560 F.3d 553, 557-58 (6th Cir. 2009). Throughout this burden-shifting approach, Plaintiff bears the ultimate burden of proving, by a preponderance of the evidence, the intent to discriminate. *Id*.

Here, there is no dispute that Plaintiff is a member of a protected class and was subjected to an adverse employment action by Defendant. Defendant argues that Plaintiff has not demonstrated that she was treated differently from similarly-situated male employees.

Plaintiff's Complaint makes the following allegations specifically related to gender: (1) After the company picnic where she brought her female partner, Plaintiff became the subject of disciplinary actions for the first time and was treated differently from male employees by her supervisor, Jerry Holmes. Docket No. 1, ¶¶ 1-3; and (2) Holmes gave Plaintiff a written warning for taking too long on jobs when he did not give such warnings to her co-workers, one male *and one female*, for the same alleged misconduct. Docket No. 1, ¶ 7.

3

Plaintiff's first allegation is based upon sexual orientation, which is different from gender. Plaintiff has denied that she is asserting any claim for discrimination based upon sexual orientation (Docket No. 20, p. 23), so this first allegation is moot.

With regard to the second allegation, concerning Holmes' giving Plaintiff written warnings for poor work performance, Plaintiff does not allege that male employees were treated more favorably; she alleges that *all* employees were treated more favorably, including her female co-worker. The remaining allegations of Plaintiff's Complaint deal with retaliation or alleged mistreatment by Mr. Holmes, but they do not claim that Plaintiff was treated differently from male employees or differently because of her gender.

Despite her lengthy responses to statements which she does not dispute, Plaintiff has disputed only four of the thirty-seven statements of undisputed facts submitted by Defendant in support of its Motion, and none of the disputed statements has to do with similarly-situated male employees being treated differently. Docket No. 21. Plaintiff has not pointed to a male co-worker who committed the same number and similar work errors and was not terminated.

Plaintiff claims that her male direct supervisor, Mr. Law, signed off on her work, including all the alleged errors, and was not fired. This argument fails because Plaintiff has not shown that Law was similarly-situated to her. First of all, Law was a supervisor and had different job responsibilities from Plaintiff. Secondly, Plaintiff has not shown that Law had three written warnings for misconduct as she did.

In response to Defendant's Motion, Plaintiff contends that she must have been replaced by someone outside the protected class because Holmes stated in deposition that only one female works

for him, Ms. Renfro (Plaintiff's former co-worker). This assertion is mere speculation. Plaintiff has not shown who replaced her or even whether she was replaced at all.

Finally, Defendant has cited to a portion of Plaintiff's deposition in which she admitted that, other than just feeling, she had no specific reason to believe that her termination was connected to her gender. Docket No. 15, p. 8 (citing Plaintiff's Deposition at 62). For all these reasons, Plaintiff has not established her *prima facie* case of gender discrimination.

Alternatively, even if Plaintiff had established her *prima facie* case, Defendant has articulated a legitimate, non-discriminatory reason for firing Plaintiff, and she has not shown that reason to be pretextual. Defendant argues that Plaintiff receive three written warnings for work performance errors and was terminated as a result of those repeated performance issues. Plaintiff's response to Defendant's articulated reason is conclusory at best: "Defendant asserts a very disingenuous pretextual reason of 'repeated performance issues.'" Docket No. 20, p. 25.

To show pretext, Plaintiff may show that (1) the proffered reason had no basis in fact, (2) the proffered reason did not actually motivate the action, or (3) the proffered reason was insufficient to warrant the adverse action. *Sybrandt*, 560 F.3d at 558.

Plaintiff has admitted that she committed work errors. Docket No. 25, ¶ 35. Plaintiff has admitted that despite extra training and numerous additional conversations, her performance did not improve. *Id*., ¶ 20. Plaintiff has admitted that she received three written warnings. *Id*., ¶¶ 21, 25 and 30. She has admitted that she was advised with the first two written warnings that "the next occurrence of the same nature may result in additional disciplinary action up to and including termination." *Id*., ¶¶ 24 and 29. Although she may disagree with it, Plaintiff has not shown Defendant's reason to be pretextual.

5

For all these reasons, Defendant's Motion for Summary Judgment on Plaintiff's gender discrimination claim is GRANTED, and that claim is DISMISSED.

RETALIATION

To make a *prima facie* case of retaliation, Plaintiff must show that (1) she engaged in protected activity; (2) the activity was known to the Defendant; (3) Plaintiff was subjected to a materially adverse employment action, and (4) there was a causal connection between the protected activity and the adverse action. *Smith v. Tennessee Dept. of Health,* 2014 WL 1847839 at * 4 (M.D. Tenn. May 8, 2014); *Harris v. Metro. Government of Nashville and Davidson County*, 594 F.3d 476, 485 (6th Cir. 2010).

Plaintiff alleges that she complained on two separate occasions to Defendant's Human Resources Manager about how she was treated by Mr. Holmes. Plaintiff does not recall, however, if her discussions regarding Holmes included any complaint that he was discriminating against her because of her gender. Docket No. 21, ¶ 36. Plaintiff states simply that she told the Human Resources Manager that Holmes did not like her. *Id.* Plaintiff also admits that she cannot recall if she ever complained to anyone at Linatex about being discriminated against because of her gender. *Id*. at ¶ 37.

Thus, Plaintiff has not established that she engaged in protected activity. Complaining that her supervisor did not like her, with no reference to discrimination based upon a protected class, does not constitute protected activity. *Thomas v. Meharry Medical College*, 1 F.Supp.3d 816, 827 (M.D. Tenn. 2014) (complaints concerning unfair treatment in general which do not specifically address discrimination are insufficient to constitute protected activity).

Moreover, Plaintiff has not shown that her complaints were causally connected to the decision to end her employment. To establish a causal connection, Plaintiff must produce sufficient evidence from which one could draw an inference that Defendant would not have fired her had she not engaged in activity protected under Title VII. *Taylor v. Geithner*, 703 F.3d 328, 339 (6th Cir. 2013). A plaintiff making a Title VII retaliation claim must establish that her protected activity was a "but-for" cause of the alleged adverse action by the employer. *University of Texas Southwestern Medical Center v. Nassar*, 133 S.Ct. 2517, 2533-34 (2013). Plaintiff has not demonstrated that causal connection.

## CONCLUSION

Plaintiff has shown that she disagrees with Defendant's criticisms of her work, that she thinks others should have shared the blame for her errors, and that she believes that Mr. Holmes did not like her and treated her poorly. Plaintiff has not shown, however, that any of those alleged facts were based upon her gender. Her belief that she was treated unfairly alone is not enough to establish a Title VII claim.

For these reasons, Defendant's Motion for Summary Judgment is GRANTED, and this action is DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE